tled to costs under this subdivision unless he recovers the sum of fifty dollars or more." It will be readily seen that this subdivision applies to actions other than those specified in the foregoing subdivisions 1, 2, and 3 of the Code, (section 3228.) Section 3 particularly exempts those classes of cases from the consideration of subdivision 4. Subdivision 4 applies to cases other than those specified in the previous subdivisions of that section, because subdivision 4 particularly states that plaintiff is not entitled to costs under this subdivision (meaning subdivision 4) unless he recover the sum of $50 or more. It is clear that subdivision 4 does not apply to the present cause of action, which is specially exempted by subdivision 3, followed up by sections 1902 and 2863. These three sections must be read together and considered as one. The defendant's contention would be correct under subdivision 4 if the cause of action herein was not specially exempted by subdivision 3 of section 3228. It follows that the taxation must be affirmed.

---

## UNITED BLDG. & LOAN BANK v. BARTLETT.

(City Court of New York, General Term. February 9, 1893.)

BILL OF PARTICULARS—WHEN REQUIRED—MATTERS NOT KNOWN TO PARTY.

In an action by a bank against its cashier for money alleged to have been converted, defendant served a bill of particulars, showing that he made weekly payments of $10 each to one M. for his salary, and disbursements in plaintiff's business, for incidental expenses; and, for eight weeks thereafter, himself received $78 for the same purpose. Defendant made affidavit, which was uncontradicted, that plaintiff authorized him to expend $10 weekly for the necessary expenses of the bank; that he paid M. no fixed salary, but allowed him to retain what remained of the $10 after paying incidental expenses; that, after M. left, defendant paid the incidental expenses, and retained the balance; that he kept no account of incidental expenses, and was unable to give any itemized account thereof. *Held*, that it was error to require of defendant a further bill of particulars, stating the amounts paid for salary and incidental expenses, the dates of payment, and of what the expenses consisted.

Appeal from special term, New York county.

Action by the United Building & Loan Bank against Frederick Bartlett to recover $338.75 alleged to have been converted by defendant to his own use. From an order requiring defendant to serve a further and additional bill of particulars, he appeals. Reversed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

Lardner & McAdam, for appellant.
David Leventritt, for respondent.

McGOWN, J. The complaint alleges that between and inclusive of the months of March and December, 1891, the plaintiff paid over to the defendant, and the defendant received and obtained from the plaintiff, the sum of $338.75, which the defendant agreed to devote to, and to use in, the payment and discharge of certain expenses in the conduct of the business of the plaintiff, as the same might during said period accrue;

that the defendant, in violation of said agreement, did not devote said money, or use the same, or devote or use any part thereof, in the payment of any of the said expenses, but, on the contrary, he converted and appropriated the same to his use; also alleges demand, before the commencement of the action, made upon defendant to refund and repay same, and the neglect and refusal so to do, and that defendant has reserved and appropriated the said sum to his own use, to plaintiff's damage of $338.75, for which amount it demands judgment.   The defendant, in his answer, denies the conversion, and denies that he has reserved and appropriated the said sum for his own use, and admits the demand, and his refusal to refund and repay same to the plaintiff, and alleges that he was appointed cashier of the said plaintiff, and was authorized to expend, out of the moneys to be furnished him, the sum of $10 in each and every week for the expenses of and attendance at the office of the plaintiff; also that, during the time mentioned in plaintiff's complaint, plaintiff paid to him as such cashier, for the purpose aforesaid, divers sums of money, amounting to said sum of $338.75, and that the same was thereafter, and from week to week, during the time aforesaid, wholly paid out and expended by him for the purpose for which the same was furnished to him as aforesaid.   On or about November 19, 1892, in pursuance of a demand made by plaintiff's attorney, defendant served upon said plaintiff's attorney a bill of particulars (verified) of moneys expended by him, as follows:

"To paid to G. M. Muren, Esq., each week, from March 23, 1891, to and including September 19, 1891, for his salary and his disbursements, for postage, express charges, advertising, and incidental expenses, in the plaintiff's business, the sum of ten ($10) dollars, in all twenty-six payments, of ten dollars each, $260; to retained by F. A. Bartlett, this defendant, to him, for postage, and for his attendance at the office of the bank from September 19, 1891, to November 14, 1891, $78.75; and for such labor and services, $200."

On a motion made for a further and additional bill of particulars, and on an affidavit made by Hiram R. Hulse, the secretary of the plaintiff corporation, and upon the complaint, answer, and reply herein, in support of said motion, and the affidavit of the defendant in opposition thereto, an order was made on the 9th day of December, 1892, and it was ordered—

"That the said motion be, and the same is hereby, granted, and the defendant is hereby ordered and required * * * to furnish * * * a further and additional bill of particulars herein, in which bill of particulars shall be separately stated how much money was by the defendant paid to, or is claimed by the defendant to have been paid to, G. M. Muren, Esq., for the salary of the said Muren in each week from the 23d day of March, 1891, to and including the 19th day of September, 1891; and separately how much was by the defendant paid to, or is by him claimed to have been paid by him, in each week during said period, to, said Muren, for the disbursements of said Muren, particularly setting forth, separately, each payment to said Muren for postage, express charges, advertising, and incidental expenses. and specifically what such incidental expenses consisted of, stating the amount of each separately, and giving the dates, respectively, of each of the twenty-six payments referred to in the first paragraph of the bill of particulars heretofore served herein; and, further. in which additional bill of particulars shall be stated separately what sums the defendant retained for postage and incidental expenses. and of what said incidental expenses consisted, stating the amounts of each separately, and the dates, respectively, when the de-

fendant retained each and all of said sums for postage and incidental expenses; and that, on failure to furnish such further bill of particulars, he be precluded from giving, upon the trial, evidence of any matters contained in paragraph third of his answer relating to payments of expenditures of the said sum of $338.75."

From this order defendant appeals. Defendant, in his affidavit, avers that on or about February 3, 1891, he "was appointed day officer or cashier of the plaintiff; that at a meeting of the plaintiff, * * * on or about the 21st day of March, 1891, * * * it was "resolved that the day officer be authorized to expend the sum of ten dollars per week for the necessary expenses, attendance at and in the business of the office of the bank;'" that, immediately thereafter, defendant, with the approval of the plaintiff, employed Mr. Muren; that he was employed during the times mentioned in his answer and in his bill of particulars; that he "understood said resolution to mean * * * that the said sum of ten dollars had been appropriated to be paid each week for the clerk hire and incidental expenses of the plaintiff;" that defendant therefore agreed upon no fixed salary to be paid to the said Mr. Muren, but arranging with Mr. Muren that whatever remained of the ten dollars after paying for postage, expressage, and advertisements and other incidental expenses of the office, should be retained by Mr. Muren as his compensation for his services; that deponent kept no account of such incidental expenses, but, each week during the time that Mr. Muren was so employed by him, he paid Mr. Muren ten dollars, and charged the same ten dollars to office expenses; "that he is unable to give any itemized account of the incidental expenses of the plaintiff's office during that time; that Muren left plaintiff's employ on or about the 19th day of September, 1891; that from that date to the 14th day of November, 1891, this deponent received the ten dollar weekly allowance from the plaintiff, paid the various incidental expenses of the office of the bank, and retained the balance, as he verily believed he was empowered by such resolution and had a right to do; that deponent kept no itemized statement of said incidental expenses; * * * that deponent is therefore unable to give an itemized statement of such incidental expenses, during the period he was alone in the office." The complaint alleges conversion on the part of the defendant of the said sum of $338.75. The answer specifically denies the conversion. Defendant's inability to give the bill of particulars required by the order is positively sworn to by defendant in his affidavit, and not contradicted by the plaintiff, and plaintiff does not in any manner show that the defendant can give the information.

The law will not compel a party to do an impossible thing,—to do that which he cannot do. Should the order appealed from remain in force, then, by reason of his inability to comply with the order, he is precluded from giving any evidence whatever to sustain his defense, as set up in his answer, or in defense to a charge of conversion, on which he can be subjected to imprisonment. If the defendant cannot give a more particularized bill than he has already given, then it certainly would not be in furtherance of justice to deprive him of his defense, and refuse him a hearing, when the case is brought on for

trial. The ordering of a bill of particulars is in the discretion of the court. It must be a sound discretion, and in furtherance of justice, and within the application of legal principles.

In Butler v. Mann, 9 Abb. N. C. 50, Ingalls, J., says:

"The power [to direct a bill of particulars] thus conferred should be prudently employed. * * * This statute, if judically enforced, will be of great value; otherwise, it will prove mischievous and oppressive."

In Ammidon v. Rubber Co., 14 N. Y. Supp. 769, the facts were almost identical with the case at bar. McAdam, J., in his opinion, (at page 772,) says:

"The rubber company, by the affidavit of its treasurer, proves this in effect, when he swears, that 'he is utterly unable to furnish any particulars in the matter further than he has already furnished; that he has made a thorough examination of his books, but he is not able to add anything to what the bill of particulars already served contains.' If the rubber company cannot give a more particularized bill than it has already given, it is certainly not in furtherance of justice to strike out its defense, and refuse a hearing when the action is called for trial. The law never requires a party to do an impossible thing, under the penalty of being denied a hearing, in defense of its right to liberty or property."

For the reasons above stated, the order appealed from should be reversed, with costs to the appellant to abide the event. All concur.