MENDELSON et al. v. FRANKEL.

(Supreme Court, Appellate Term. November 6, 1903.)

1. PLEADING—BILL OF PARTICULARS—ABILITY TO FURNISH.
    Where, in an action against plaintiff's salesman, he filed a counterclaim for commissions on sales, and with it a bill of particulars giving the names of the persons to whom he sold goods, their places of business, and the amount of sales to each, and in opposition to a motion for a more definite bill stating the dates, amounts, and the items, etc., defendant alleged his inability to furnish such particulars on the ground that his order books had been delivered to plaintiff on termination of their relations, and that they had declined to give him any information with regard thereto, it was error for the court to require defendant to furnish such particulars as a condition to his right to give evidence with reference to his counterclaim.

Appeal from City Court of New York, Special Term.

Action by Julius Mendelson and others against Joseph Frankel. From an order of the New York City Court requiring defendant to file a further bill of particulars, he appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ. ·

Myers, Goldsmith & Bronner, for appellant.
Dickman, Luckey & Schwartz, for respondents.

BLANCHARD, J. This action was brought to recover the sum of about $300 for overdrafts on commission account of the defendant in his capacity as traveling salesman in the employment of the plaintiffs. The defendant interposed a counterclaim, wherein it was stated that the plaintiffs agreed to pay to the defendant certain commissions on goods shipped and retained upon all sales made by the defendant; that the defendant's sales amounted to about $12,000, for which he was entitled to commissions in the sum of $840, which the plaintiffs had refused to pay except in part, and that there was still due on account thereof to the defendant the sum of $225.93, for which he asked affirmative judgment. The plaintiffs served a reply to the counterclaim, and with it a demand for a bill of particulars of the counterclaim. The defendant served a bill of particulars in which he gave the

names of the persons to whom he sold goods, their places of business, and the amount of his sales to each person or firm. The plaintiffs thereupon moved the court for an order directing the defendant to serve another bill of particulars, alleging that the bill of particulars as served was defective, whereupon the court made an order directing the defendant to serve a complete statement of the items of account, a bill of particulars giving dates, amounts, names, and places of business, and more .particularly the names of the persons to· whom defendant sold merchandise for plaintiffs, the items and the amounts of merchandise sold to each one of the persons so named, the items and amounts of merchandise retained by each one of the persons so named, the items and amounts of merchandise actually returned by each one of the persons so named and the value thereof, the dates· of· the sales,· shipments, and return of each of the items of the aforesaid merchandise and the value of each of said items, and a copy of items of the account, stating the items of account on either side, debit or credit, including all credits to defendant upon all sales made by him for plaintiffs, all debits to defendant upon all goods returned upon sales so made by him, credits to plaintiffs for all advances made to defendant by them on account of the commissions, including the date of each item and the general character. The order also provided that, in the event of the failure to comply with the terms of the order, the defendant should be precluded from offering any evidence of his alleged account contained in his counterclaim upon the trial of the issues. In opposition to the motion which ripened into the above-mentioned order the defendant alleged not only his inability to furnish plaintiffs any further detailing items than those contained in the bill of particulars already served, but .also the reasons for his inability so to do. He states as follows:

"That deponent, after receiving orders while traveling on the road, caused the same to be duly forwarded to the plaintiffs; * * * used what is termed a 'triplicate order book'; and when deponent severed his relationship with the plaintiffs the book containing deponent's copies was delivered to the plaintiffs. That deponent could give no other or further information than that heretofore given, and that the plaintiffs well know the same, they having, as deponent verily believes, all the books, orders, memoranda, and correspondence relating to all sales of merchandise made and effected by deponent; and that deponent called upon the plaintiffs * * * for the purpose of obtaining the data or information relating to said orders, and that the plaintiffs declined to give deponent any information pertaining to said orders."

. The defendant further alleged that the plaintiffs admitted having the books and papers referred to, and told him that they would produce them on the trial of the action. These allegations of the defendant are not controverted.

We are of the opinion that the court erred in making an order for a further bill of particulars. The defendant swears that he is unable to give additional information, and under the circumstances of this case it is error to order him to do so, and to dismiss his counterclaim as a penalty for noncompliance with such order. A case much in point is Ammidown v. Century Rubber Co. (Super. Ct. N. Y.) 14 N. Y. Supp. 769. In that case the court, at page 772, said:

"If the rubber company cannot give a more particularized bill than it has already given, it is certainly not in furtherance of justice to strike out its

defense and refuse it a hearing when the action is called for trial. The law never requires a party to do an impossible thing under the penalty of being denied a hearing in defense of its right or liberty or property. The rubber company proves that it cannot give the additional information required, and there is no evidence to the contrary. Under such circumstances a proper case was presented for denying the plaintiff's application."

Wigand v. Dejonge, 18 Hun, 405; Mosheim et al. v. Pawn (City Ct. N. Y.) 18 N. Y. Supp. 166; Butler v. Mann, 9 Abb. N. C. 50; Loan Bank v. Bartlett, 2 Misc. Rep. 479, 483, 22 N. Y. Supp. 172.

As we have reached the conclusion that the order must be reversed on the ground stated, we do not think it is necessary to discuss the other questions considered in the briefs of counsel.

The order appealed from must be reversed, with $10 costs and disbursements. All concur.